**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**ALEXIAS LOWE**                                                                            **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 2:08CV185-P-A**

**McDONALD'S CORPORATION**                                       **DEFENDANT**

## **ORDER**

This cause is before the Court on defendant Retzer's Motion to Dismiss [10]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Although defendant alleges a variety of grounds for dismissal, particularly regarding the sufficiency of service of process and the plaintiff's failure to comply with an order of the Court, the court chooses instead to focus on the question of whether the instant lawsuit is time-barred.

In order to file a lawsuit under Title VII, a plaintiff must file an EEOC charge within 180 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1). The time limitation set forth in Title VII commences with the date of "the alleged unlawful employment practice." Id. If an EEOC charge is not timely filed, a lawsuit based on the untimely charge should be dismissed. Price v. Choctaw Glove & Safety Co., 459 F.3d 595, 599-600 (5th Cir. 2006).

In this case, plaintiff's Complaint (and Amended Complaint) alleges the latest discrimination took place on April 13, 2007, the date of her discharge. The EEOC Charge shows she submitted her

Charge on or about November 24, 2007, some 225 days following her termination.[1] [2]  Plaintiff missed the statutory deadline by 45 days.  Because plaintiff's EEOC filing was untimely, the instant lawsuit is subject to dismissal with prejudice.  Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 476-77 (5th Cir. 1991).  Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant Retzer's Motion to Dismiss [10] is well-taken and should be, and hereby is, GRANTED.  IT IS FURTHER ORDERED AND ADJUDGED that this action should be, and hereby is, DISMISSED WITH PREJUDICE.

SO ORDERED, this the 26th day of August, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1]  Because plaintiff's EEOC Charge is expressly referenced in the Complaint and is a public record, it is properly considered by the Court.  Lovelace v. Ware Spectrum, Inc., 78 F.3d 1015, 1017-18 (5th Cir. 1996).

[2]  Plaintiff attempted to demonstrate an early filing date based on an EEOC Agreement to Mediate and Confidentiality Agreement dated November 17, 2007.  However, this document is dated 215 days subsequent to plaintiff's termination; therefore, the document upon which plaintiff relies does not suffice to demonstrate compliance with the October 10, 2007 deadline.